Dear Mr. Castille:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the East Louisiana State Hospital (ELSH) and the Department of Health and Hospitals (DHH) regarding the payment of fees due to the Parish Coroner for East Feliciana Parish. ELSH is a state mental institution under the Office of Mental Health under DHH and is located in East Feliciana Parish at Jackson, Louisiana. The coroner for East Feliciana Parish has discontinued rendering any services for ELSH until he is paid for certain previously performed autopsies and coroner's emergency certificates under the Mental Health Law. You ask whether ELSH/DHH or the parish governing authority is responsible for the payment of the coroner's fees.
Our research does not disclose any statutory provision that requires the cost of services for autopsies or emergency certificates by the East Feliciana coroner be paid by East Louisiana State Hospital or the Department of Health and Hospitals.
R.S. 33:1556D(1) and (2) provides for payment of costs when death is by natural causes and when by accident or from commission of a crime. Paragraph (3) states when death occurs at any state operated health care or treatment facility, any fee paid by the parish governing authority "for the viewing and investigation of a body" shall be reimbursed by the state, but this does not relieve the governing authority of the obligation to promptly pay the fee upon being billed. R.S. 33:1556 states in paragraph G that the payment of fees for coroners services related to admittance or commitment of patients or residents to any state operated health care or treatment facility shall be made by a parish immediately upon such admittance or commitment at the option of the coroner rendering such services.
This office has recognized that in accordance with this statute all coroner's fees in natural death cases be paid by the political subdivision of domicile rather than place of death. However, in case of death due to other than natural causes the parish or municipality in which the accident or crime occurred shall pay the coroner's fees and any necessary fees for the investigation and cost of any autopsy. An exception is recognized for payments for death by natural causes when the coroner of the parish in which the death occurred initially viewed the body or investigated the death, mandating the parish or municipality in which the death occurred pay these fees. Atty. Gen. Op. Nos. 90-235, 84-338.
We note in Atty. Gen. Op. No. 84-338 the death in question occurred in an offshore accident, and this office concluded there was nothing by statute or jurisprudence indicating the parish in which the autopsy was performed could charge the company bringing the body to the parish, concluding this was a matter for legislation. Under the existing law, it was found the parish in which the body was delivered must reimburse the coroner's office performing the investigation or autopsy.
In Atty. Gen. Op. No. 85-387 the procedure for emergency certificates under R.S. 28:53 is discussed and points out the first certificate would constitute legal authority to transport a patient to a treatment facility and permit detention of the patient for fifteen days. A coroner or any physician can issue this certificate. Once a patient is admitted the coroner of the parish in which the facility is located must be notified and must examine the person within 72 hours if he did not execute the first emergency certificate. If the coroner of that parish had issued the first emergency certificate, the second examination must be made by a physician at the treatment facility.
R.S. 28:53(G)(6) provides in part as follows:
 When a person is confined in a state mental institution in a parish other than his parish of domicile or residence, the examiner coroner shall be entitled to the fee authorized by law in his parish for the service. In either case, the fee shall be paid and accurate records of such payment kept by the governing authority of the parish in which the patient is domiciled or residing from parish funds designated for the purpose of payment to the coroner.
We must conclude the coroner shall be paid by the governing authority rather than ELSH or DDH for the cost of an autopsy or emergency certificate. To determine what governing authority pays consideration must be given to the cause and location of the death, and domicile of the party committed.
We find it pertinent to note the constitutional provision, Art. XII, Sec. 7, requires the State to reimburse a parish in which a state penal institution is located for expenses the parish incurs arising from crime committed in the institution or by an inmate. Also, R.S. 15:824.1 mandates the Dept. of Corrections allocate from its appropriations $15,000 for the governing authority of the Town of Jackson for extra law enforcement made necessary by the location there of Dixon Correctional Institute. The authority of East Feliciana may consider seeking similar legislation.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR